IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESUS CORTEZ RIVERA, *et al.*,

    *Plaintiffs*,

    v.

ALTEC, INC., *et al.*,

    *Defendants*.

Civil Action No. ELH-21-0681

**MEMORANDUM**

In this personal injury and product liability case, plaintiff Jesus Cortez Rivera and his wife, plaintiff Viridiana Reyes, filed suit in the Circuit Court for Frederick County, Maryland against Navistar, Inc. ("Navistar"); Altec, Inc. and Altec Industries, Inc. (collectively, "Altec"); and All Reliable Services, Inc. ("All Reliable") and All Railroad Services Corp. ("All Railroad") (collectively, "ARS Defendants"). ECF 2 ("Complaint").  Defendants removed the case to this Court on March 18, 2021, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. ECF 1 ("Notice of Removal").[1]

On October 13, 2021, plaintiffs filed a "Motion for Voluntary Dismissal Without Prejudice by Court Order." ECF 49 (the "Motion").[2]  In the Motion, plaintiffs seek to dismiss

---

[1] Plaintiffs named a host of other entities in their Complaint. ECF 1 at 1 n.1. But, these entities were dismissed by plaintiffs, without prejudice, prior to removal of this case to federal court. *Id.*; *see* ECF 1-2. And, as discussed in more detail, *infra*, the Court granted Navistar's motion to dismiss for lack of personal jurisdiction (ECF 9). *See* ECF 35 (Memorandum Opinion); ECF 36 (Order).

[2] The text of the Motion suggests that counsel for plaintiffs intended to attach two exhibits to the Motion: ARS Defendants' "Motion to Dismiss or, in the Alternative, for Summary Judgment" in the West Virginia case, and plaintiffs' opposition to that motion. *See* ECF 49 at 4. However, no exhibits were actually filed with the Motion. Nevertheless, the Court has accessed the two filings from the docket in the West Virginia case. *See Rivera et al. v. ALTEC, Inc. et al.*, No. 3:21-CV-132-GMG (N.D. W. Va.), ECF 2; ECF 20. I may take judicial notice of matters of

this case because they desire to pursue their claims in related litigation pending in the United States District Court for the Northern District of West Virginia. *See Rivera et al. v. ALTEC, Inc. et al.*, No. 3:21-CV-132-GMG (N.D. W. Va.).[3]  The ARS Defendants oppose the Motion (ECF 51, the "Opposition"), supported by two exhibits.  ECF 51-1; ECF 51-2.  Plaintiffs have not replied and the time to do so has expired.

Previously, the ARS defendants had moved to dismiss this case, or, in the alternative, for summary judgment.  ECF 8.  Their motion is supported by a memorandum (ECF 8-1) (collectively, the "ARS Motion") and an exhibit.  Plaintiffs opposed the ARS Motion (ECF 21), with exhibits, and ARS replied.  ECF 26.  And, with new counsel, plaintiffs have moved to supplement their opposition to the ARS Motion.  ECF 50 ("Motion to Supplement").

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion.  Therefore, I shall deny, as moot, the ARS Motion and the Motion to Supplement.

## I.   Factual and Procedural Summary

The procedural history of this action, by now somewhat extensive, embraces both the case in the District of Maryland and the parallel case in the Northern District of West Virginia.

Plaintiffs assert product liability and negligence claims against defendants arising out of a serious workplace accident that occurred in West Virginia on July 15, 2019. ECF 2, ¶¶ 111-126. They contend that on that date Mr. Rivera, an experienced employee of All Reliable, was operating a bucket truck to clear vegetation and trim trees from utility power lines and poles.  *Id.*

---

public record, such as docket entries, pleadings, and papers filed in other cases. *See* Fed. R. Evid. 201.

[3] I refer to this case as "the West Virginia case." When it is necessary to cite the docket in the West Virginia case, I do so with the phrase "W. Va. Docket."

¶¶ 111, 112, 117.  While Mr. Rivera was in the truck, it tipped over, without warning. *Id.* ¶ 124. As a result, Mr. Rivera fell approximately 50 feet to the ground and sustained severe injuries.  *Id.* ¶¶ 124, 125, 126. Defendants were allegedly involved in the design, manufacture, assembly, sale, and repair of the truck. *Id.* ¶¶ 100-110.

The Complaint contains nine counts.  Counts One through Eight are asserted by Mr. Rivera alone, and Count Nine is asserted by both plaintiffs.  The claims are as follows: "Negligence (Hydraulic Operations Switch)" against all defendants (Count One); "Products Liability (Hydraulics Operations Switch)" against all defendants (Count Two); "Negligence (Outrigger, Weight, and Balance)" against Altec and Navistar (Count Three); "Negligence against All Reliable and All Railroad (Assignment of Subject Truck to Plaintiff)" (Count Four); "Intentional or Grossly Reckless Assignment of Subject Truck to Plaintiff" against All Reliable and All Railroad (Count Five); "Strict Products Liability (Outrigger, Weight, and Balance)" against all defendants (Count Six); "Strict Products Liability" against All Reliable and All Railroad (Count Seven); "Negligent Repair" against Altec, All Reliable, and All Railroad (Count Eight); and "Loss of Consortium Against All Defendants" (Count Nine).

Altec answered the suit. ECF 4.  Navistar moved to dismiss the Complaint, claiming lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  ECF 9.  Plaintiffs opposed that motion. ECF 22.  And, by letter of June 15, 2021, plaintiffs' prior counsel requested an "expedited decision" regarding Navistar's motion, citing the impending statute of limitations deadline.  ECF 33.  On July 2, 2021, I granted Navistar's motion, concluding that this Court lacked personal

jurisdiction as to Navistar.  ECF 35; ECF 36.[4]  However, the suit remains pending as to the other defendants.

For their part, the ARS Defendants moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56.  ECF 8.[5] The ARS Motion is supported by a memorandum of law (ECF 8-1) and an exhibit.  *See* ECF 8-2. The ARS Defendants' principal argument is that they are protected from suit under West Virginia workers' compensation law, because they paid workers' compensation benefits to Mr. Rivera.  ECF 8-1 at 5, 10-13.  Furthermore, they argue that plaintiffs have not adequately pled "deliberate intention" on the part of the ARS Defendants, which is the sole basis under West Virginia law to forfeit such immunity.  *Id*. at 13-20.  Plaintiffs oppose the ARS Motion, supported by six exhibits.  ECF 21 (the "Opposition").  The ARS Defendants replied, and submitted one exhibit.  ECF 26.

On July 8, 2021, after this Court dismissed the case as to Navistar, plaintiffs filed suit in a West Virginia state court against the defendants.  In a letter of July 9, 2021, counsel for Navistar informed this Court that plaintiffs' counsel had notified defendants of plaintiffs' intent to dismiss the Maryland case against all defendants, in view of the filing of the West Virginia case.  ECF 41.  Then, on August 11, 2021, defendants removed the West Virginia state case to the United States District Court for the Northern District of West Virginia.  W. Va. Docket, ECF 1. Thereafter, the ARS Defendants filed a "Motion to Dismiss or, in the Alternative, for Summary

---

[4] Plaintiffs noted an appeal to the Fourth Circuit. ECF 37. But, they subsequently moved to dismiss the appeal, which the Fourth Circuit granted. ECF 42.

[5] According to plaintiffs, All Railroad and All Reliable "share owners, officers, directors, a board…and/or shareholders in common but are separate and distinct entities." ECF 2, ¶ 72. The ARS Defendants assert that they are "distinct corporate entities," but that "All Railroad does, however, provide services to All Reliable in the form of human resources, sales and marketing, administrative, data processing, cash management, and accounting." ECF 8-1 at 6.

Judgment." *Id*., ECF 2.  It is similar to the ARS Motion filed in this case.  *Compare id*. *with* ECF 8.  Then, a few days later, on August 16, 2021, plaintiffs filed a "Motion to Dismiss" in the West Virginia case, indicating that they would prefer to litigate in the District of Maryland.  W. Va. Docket, ECF 4.

On August 13, 2021, this Court requested a status report.  ECF 44.  Plaintiffs' counsel responded (ECF 45), advising that plaintiffs had filed a pro se suit in West Virginia "[a]s a precaution . . . to preserve their rights before the statute of limitations expired," but that plaintiffs seek to pursue their claims against defendants in Maryland.  Thereafter, on September 2, 2021, new counsel entered an appearance in Maryland on behalf of plaintiffs.  ECF 48.[6]  The same lawyer, as well as an additional attorney practicing in West Virginia, now represent plaintiffs in the West Virginia case.

In the interim, on August 27, 2021, plaintiffs moved in the West Virginia case to withdraw their motion to dismiss.  W. Va. Docket, ECF 14.  Chief Judge Groh granted that motion on September 2, 2021.  *Id*., ECF 18.

Plaintiffs also filed an opposition to the ARS Defendants' motion to dismiss in the West Virginia case.  *Id*., ECF 20.  The ARS Defendants replied.  *Id*., ECF 21.  On October 7, 2021, Chief Judge Groh issued an Order staying proceedings in the West Virginia case, "pending resolution of the parties' dispute" in this Court, citing the "first-to-file" rule.  *Id*., ECF 27.  The "first-to-file" rule pertains to two identical or substantially similar suits, and gives priority to the court where the first action was initiated. *See LWRC International, LLC v. Mindlab Media, LLC*, 838 F. Supp. 2d 330, 337 (D. Md. 2011).[7]

---

[6] Prior counsel has not withdrawn from the case.  *See* Docket.

[7] An exception to the first-to-file rule arises when there is a "showing of a balance of convenience in favor of the second [forum]." *Learning Network, Inc. v. Discovery Comms., Inc*.,

Thereafter, on October 13, 2021, plaintiffs filed the Motion.  ECF 49.  In the Motion, plaintiffs advise that Altec has "agreed" to the dismissal of this case, but that the ARS Defendants do not.  *Id.* at 1.

In addition, plaintiffs filed a "Motion for Leave to File a Supplemental Opposition" to the ARS Motion (ECF 50), accompanied by a proposed Supplemental Opposition.  ECF 50-1.  The ARS Defendants oppose the Motion to Supplement.  ECF 52.

## II.  Discussion

### A.  Choice of Law

 "[A] voluntary dismissal to reinstate the action in a forum that will apply a different body of substantive law clearly is disfavored."  9 CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2364 (4th ed. Apr. 2021) ("Wright & Miller").  If the West Virginia Court would apply a different body of substantive law than would this Court in adjudicating the dispute, that might suggest forum shopping.  Therefore, as a preliminary matter, the Court considers the substantive body of law that would apply to litigation here and in West Virginia.

In my view, West Virginia substantive law would apply whether the case is litigated in Maryland or in West Virginia.  In the ARS Motion, the ARS Defendants assert that West

---

11 Fed. Appx. 297, 300 (4th Cir. 2001) (citing *Elliott Mach. Corp. v. Modern Welding Co*., 502 F.2d 178, 180 n. 2 (4th Cir. 1974)).  The convenience analysis looks to factors considered in the transfer analysis under 28 U.S.C. § 1404(a).  *See* 15 Wright & Miller, § 3854; *see also Trustees of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (listing the factors).  *See, e.g.*, *Futurewei Techs., Inc. v. Acacia Research Corp*., 737 F.3d 704, 708 (Fed. Cir. 2013) ("Justification for an exception [to the first-to-file rule] may be found in 'the convenience and availability of witnesses, ... the possibility of consolidation with related litigation, or considerations relating to the real party in interest.'"); *Smithfield Packing Co. v. V. Suarez & Co*., 857 F. Supp. 2d 581, 585 (E.D. Va. 2012) ("'The court must balance the convenience between the two actions before deciding whether application of the first-to-file rule is appropriate in a given situation.'") (citation omitted).

Virginia law applies.  ECF 8-1 at 10-11.  In the Motion, plaintiffs concede that the application of West Virginia law is "correct[]."  ECF 49 at 4.  And, in their opposition to the ARS Motion, they cite West Virginia law.  *See* ECF 21 at 13-23.

For a state law claim, the Court must apply the law of the forum state, including as to choice of law.  *See, e.g.*, *Nash v. Montgomery Cty.*, GJH-20-1138, 2021 WL 1222874, at *7 n.7 (D. Md. Mar. 31, 2021); *Ben-Joseph v. Mt. Airy Auto Transporters, LLC*, 529 F. Supp. 2d 604, 606 (D. Md. 2008).  In tort actions, Maryland adheres to the principle of *lex loci delicti*, meaning it applies the substantive law of the state where the wrong occurred.  *Ben-Joseph*, 529 F. Supp. 2d at 606 (citing *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 619, 925 A.2d 636, 648-49 (2007)) (other citations omitted).

The accident at issue occurred in West Virginia.  *See* ECF 2, ¶¶ 117, 122-26; ECF 8-1 at 2-3.  The *lex loci delicti* principle holds true in products liability cases: the substantive tort law of the state where the injury occurred governs.  *Williams v. Gyrus ACMI, Inc.*, 790 F. Supp. 2d 410, 414 (D. Md. 2011) (applying principle to medical product liability case); *see also Nat'l Coach Works of Va. v. Detroit Diesel Corp.*, 128 F. Supp. 2d 821, 823-24, 830-31 (D. Md. 2001) ("applying the law of the state where the accident occurred" to products liability claim against bus engine manufacturer after bus fire in Maryland).

Maryland recognizes a public policy exception to its general choice-of-law rules.  But, establishing such an exception is a "'heavy burden.'"  *Williams*, 790 F. Supp. 2d at 415-17 (quoting *Texaco, Inc. v. Vanden Bosche*, 242 Md. 334, 340, 219 A.2d 80, 83 (1966)) (refusing to recognize public policy exception even when Maryland recognized strict products liability and the other state did not).

"Maryland's Court of Appeals has recognized a limited exception to the rule of *lex loci delicti* in respect to personal injury claims which implicate workers' compensation statutes." *Harvard v. Perdue Farms, Inc.*, 403 F. Supp. 2d 462, 466-67 (D. Md. 2005) (citing *Hauch v. Connor*, 295 Md. 120, 123-33, 453 A.2d 1207, 1209-14 (1983)). "Specifically, in *Hauch*, the court held that a 'greater interest' test would apply where application of another state's workers' compensation statute would frustrate an important public policy of Maryland." *Harvard*, 403 F. Supp. 2d at 466.

In *Harvard*, the court concluded that Virginia workers' compensation law should apply because the accident out of which the claim arose occurred in Virginia, and "Maryland ha[d] no interest, substantial or otherwise, beyond the mere provision of its courts to adjudicate claims against any proper defendant joined in this case." 403 F. Supp. 2d at 467.

There is no argument here that application of the West Virginia statute would frustrate a public policy of Maryland. Nor have the parties identified any public policy of Maryland that would be frustrated if suit were to proceed in West Virginia. Both West Virginia and Maryland provide that the workers' compensation system is the exclusive means by which a covered employee may obtain compensation from an employer for a work-related injury. And, both West Virginia and Maryland recognize the "deliberate intention" exception to this protection, which is the focus of the parties' dispute. *Compare* Md. Code (2016 Repl. Vol.), § 9–509(a), (d) of the Labor and Employment Article *with* W. Va. Code §§ 23-2-6, 23-4-2.

West Virginia likewise applies the *lex loci delicti* rule for tort actions, including for products liability claims. *See, e.g.*, *Kenney v. Ind. Order of Foresters*, 744 F.3d 901, 905 (4th Cir. 2014); *Vitatoe v. Mylan Pharms.*, 696 F. Supp. 2d 599, 604 (N.D. W. Va. 2010). And, West Virginia employees may bring deliberate intention suits under West Virginia law, even if the

injury occurred outside of West Virginia.  *See Walters v. Siemens Industry, Inc.*, No. 5:17-cv-03954, 2017 WL 4973199, at *2 (S.D. W. Va. Nov. 1, 2017); *Bell v. Vecellio & Grogan, Inc.*, 197 W. Va. 138, 144-45, 475 S.E.2d 138, 144-45 (1996).

Accordingly, I may proceed to consider the Motion on the basis that West Virginia substantive law would govern the case, whether the case is litigated in Maryland or in West Virginia.

### B.  Voluntary Dismissal

Pursuant to Fed. R. Civ. P. 41(a)(2), once a defendant has served an answer or a motion for summary judgment, and absent the consent of all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The purpose of the rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced."  *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *see also Lang v. Manufacturers and Traders Tr. Co.*, 274 F.R.D. 175, 182 (D. Md. 2011).  Accordingly, "[a] plaintiff's motion to voluntarily dismiss a claim [without prejudice] should not be denied absent plain legal prejudice to the defendant."  *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001).

To avoid unfair prejudice, the district court is permitted "to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from the dismissal without prejudice. In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant."  *Davis*, 819 F.2d at 1273 (citations omitted).

In assessing the degree of prejudice to the ARS Defendants that might be caused by a Rule 41(a)(2) dismissal, the Court applies a "non-exclusive, multi-factor test," including such

factors as "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (citations omitted); *see also Lang*, 274 F.R.D. at 182. "'[I]t is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit' or 'the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation.'" *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008) (citing *Davis*, 819 F.2d at 1274-75).

The ARS Defendants assert that "dismissing the action would seriously prejudice" them. ECF 51 at 7. However, the only grounds they cite for this assertion are the "[s]ignificant time and expense [that] were expended in the preparation and filing" of the ARS Motion, and the supposed fact that, because of the ARS Motion, "summary judgment is imminent." *Id.* at 7-8. Thus, their claim for prejudice invokes both the first factor (their expense and effort), and the fourth factor (the present stage of the litigation).

I am not persuaded. As the Fourth Circuit has said, "a district court does not abuse its discretion in denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery." *Howard*, 302 F. App'x at 179. However, "'the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice.'" *Id.* (quoting *Fidelity Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 89 (4th Cir. 2007)).

About a month after the ARS Defendants were served with suit, and about a week after removal of the case to this Court, the ARS Defendants moved to dismiss or, in the alternative, for

summary judgment.  *See* ECF 8.  The motion includes a single document, beyond the pleadings: a two-page Affidavit by Mike Heridia, the owner of the ARS Defendants.  *See* ECF 8-2.

Discovery in this case has not begun.  Indeed, there is no indication from the docket that the ARS Defendants have taken any significant action in this case, aside from the modest briefing in regard to the ARS Motion.  There is little indication that the ARS Motion has been accompanied by the significant time and expense that would ordinarily mark a motion for summary judgment, as opposed to a motion to dismiss.  In short, it is difficult to conclude that the ARS Defendants have invested the sort of effort and expense in the case that would typically lead a court to deny a voluntary dismissal.

Notably, the ARS defendants have not answered the suit.  Ordinarily, a suit may be dismissed by the plaintiffs if an answer has not been filed.  To be sure, the ARS Motion is explicitly captioned in the alternative.  But, the Fourth Circuit has squarely held that the filing of a motion to dismiss, supported by extraneous materials, does not preclude a plaintiff from unilaterally dismissing its lawsuit under Rule 41(a)(1)(A)(i) *until* the district court has converted the motion to one for summary judgment by considering extraneous materials.  *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp.*, 109 F.3d 993 (4th Cir. 1997).  In other words, the mere filing of a motion to dismiss that might be considered as a motion for summary judgment does not necessarily prevent voluntary dismissal.

Moreover, denials of motions for voluntary dismissal have generally involved motions filed at advanced stages of the litigation.  *See, e.g., Howard*, 302 F. App'x. at 179 (noting that the plaintiff sought dismissal two weeks before trial and after the defendant had filed a summary judgment motion); *Miller v. Terramite Corp*., 114 F. App'x. 536, 540 (4th Cir. 2004) (affirming the denial of voluntary dismissal where the motion was filed well after the close of discovery

when a dispositive order was imminent); *Francis v. Ingles*, 1 F. App'x. 152, 154 (4th Cir. 2001) (affirming the denial of voluntary dismissal coming after a lengthy discovery period and merely one week before the scheduled trial date). This is not such a case.

Furthermore, the ARS Defendants have no grounds on which to assert, as they do, that "summary judgment is imminent." ECF 51 at 8. To be sure, as discussed, the ARS Motion is ripe for decision by this Court. But, the Court has given no indication that it would construe the ARS Motion as one for summary judgment. Indeed, although plaintiffs have not filed a Rule 56(d) affidavit with respect to the ARS Motion, their opposition to the ARS Motion makes clear their claim that additional discovery is needed with regard to various issues. *See* ECF 21 at 13, 15-16, 19, 23. *Cf. Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (Failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" (Internal citations omitted)).

More broadly, an examination of the context and posture of this case and the West Virginia case makes clear that the ARS Defendants will suffer no prejudice from the voluntary dismissal of this case in favor of pursuit of the West Virginia case. In this case and in West Virginia, the ARS Defendants have moved to dismiss or, in the alternative, for summary judgment. Both motions advance largely the same grounds and are ripe for decision. "Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

As indicated, the ARS Defendants have made substantially the same arguments in both motions. Aside from a brief argument as to the first-to-file rule in the West Virginia motion (W.

12

Va. Docket, ECF 2 at 2-3), and a brief argument in the Maryland motion as to choice of law (ECF 8-1 at 6-7), the two motions are virtually identical. *Compare* ECF 8-1 *with* W. Va. Docket, ECF 2. Both also include an Affidavit from Mike Heridia. *See* ECF 8-2; W. Va. Docket, ECF 2 at 21-22. By all indications, the ARS Defendants did the lion's share of the work only one time, and would have done the same work regardless of the jurisdiction.

In addition to their argument as to prejudice, the ARS Defendants contend that the Motion fails to address plaintiffs' excessive delay, and fails to sufficiently explain their need for a voluntary dismissal. ECF 51 at 5-7. These arguments implicate the second and third factors.

I recognize that there is a seven-month gap between removal of the case and the filing of the Motion. But, the allegation overlooks important aspects of the litigation that occurred in the intervening period. In July 2021, this Court granted Navistar's motion to dismiss. ECF 35; ECF 36. That left plaintiffs unable to proceed in Maryland against all defendants. Because this Court granted a codefendant's motion to dismiss, for lack of personal jurisdiction, plaintiffs were then put in a position of having to litigate in two jurisdictions. It was then that suit was filed in West Virginia. Clearly, it makes sense for plaintiffs to seek to proceed simultaneously against all defendants in one jurisdiction. To that end, the Motion followed, about 90 days after suit was filed in West Virginia.

Plaintiffs' explanations for their desire to voluntarily dismiss this case in favor of the West Virginia case are sound. This case turns on the application of West Virginia law as to an incident that occurred in West Virginia. *See* ECF 2, ¶¶ 117, 122-26; ECF 8-1 at 2-3. Plaintiffs live in West Virginia. ECF 2, ¶ 73. There is no suggestion that either of the ARS Defendants is a citizen of Maryland. *See id.* ¶¶ 40-71.

Plaintiffs have articulated sensible grounds as to why their claims should be allowed to proceed in West Virginia, rather than before this Court.  The factors weigh in favor of granting the Motion and permitting voluntary dismissal.  In general, given the procedural posture of both cases, the ARS Defendants have not demonstrated that they would suffer any meaningful prejudice based on pursuit of the case in West Virginia.

### III.  Conclusion

For the foregoing reasons, I shall grant the Motion.  An Order follows, consistent with this Memorandum.

Date:  November 19, 2021                                      _____/s/_____
                                                             Ellen Lipton Hollander
                                                             United States District Judge